STATE v. WILLIAM H. MIDAY.

(Filed 24 February, 1965.)

**1. Evidence § 26—**

The rule that the writing itself is the best evidence of its contents can have no application when there is no evidence that the matter in question had ever been reduced to writing.

**2. Evidence § 27—**

The rule that parol evidence is not admissible to contradict or vary a written instrument does not apply when the writing is collateral to the issue involved in the action.

**3. Health § 3—**

Where defendant defends a prosecution for failure to have his child vaccinated for smallpox and immunized for poliomyelitis on the ground that he was exempt by G.S. 130-93.1(h), the introduction of unverified letters stating opinions as to the doctrine of the religious sect to which defendant belongs does not warrant the exclusion of testimony by *bona fide* ministers and members of the organization as to its teachings, neither the best evidence rule nor the parol evidence rule being applicable.

**4. Same— Whether teachings of defendant's religious sect justified defendant in refusing to have his child vaccinated held for jury.**

The fact that a religious organization does not forbid vaccination does not preclude members of the sect from asserting that they come under the exemptions set forth in G.S. 130-93.1(h), and when defendant introduces evidence to the effect that the religious doctrine of his sect, while not forbidding vaccination, taught that it was better to rely upon faith in God, it is for the jury to say whether defendant was justified in his refusal to have his children vaccinated and immunized against smallpox and poliomyelitis, and it is error for the court to charge the jury peremptorily to the effect that defendant was not entitled to defend on the ground of his religious convictions.

**5. Schools § 14—**

Where school authorities send a child home for failure of the child's parents to have the child vaccinated and immunized as required by statute, and the parent does everything in his power to keep the child in school except to waive what he believed to be his right not to have the child vaccinated and immunized, such parent cannot be convicted under G.S. 115-166.

**6. Same—**

A jail sentence may be imposed on a parent under G.S. 115-169 only after a fine has been imposed upon the parent for failure to send his child to school and the parent has refused to pay such fine, and a jail sentence entered immediately upon conviction of violating G.S. 115-116 is not warranted.

APPEAL by defendant from *Carr, J.,* Regular May Session 1964 of ROBESON. This case was docketed in the Supreme Court as No. 733 and argued at the Fall Term 1964.

The defendant, William H. Miday, was charged in bills of indictment with violating G.S. 130-87, 130-88, 130-89, 130-93.1, 130-203, 115-166 and 115-169.

The defendant is the father of Paul E. Miday, a minor, who was born 26 March 1956. Defendant, a minister of the Miracle Revival Fellowship, presented his son, Paul E. Miday, for enrollment in the Robeson County Schools for the 1962-1963 school year, without having said child vaccinated or immunized from certain diseases as required by law. Defendant claims, however, that he qualified for the exclusion or exemption set forth in G.S. 130-93.1(h).

The Robeson County Board of Education allowed the child to be enrolled and to remain in school until 5 November 1962, when the child was sent home from school pursuant to a ruling of the Robeson County Board of Education based on the ground that the defendant, the father of the child, had not met the legal requirements with respect to vaccination and immunization shots for said child.

The defendant introduced in evidence the following letter, dated 3 October 1963, addressed to Dr. E. R. Hardin, Health Director of Robeson County:

"This is with reference to your letter of September 26, concerning William H. Miday. Mr. Miday is a minister of Miracle Revival Fellowship. However, this Fellowship does not forbid vaccination against any and all diseases.

"It is our belief that the God who formed us is also able to keep us in perfect health, as we walk uprightly before Him. We know that God shall never forsake his children when they place their trust in Him, and we are fully persuaded in our own hearts that

this action is to declare the keeping power of God rather than to expose precious children to illness. In a question of this nature, each of the members of the Fellowship is permitted to make his own decisions in accordance with his own individual conscience, provided that said member shall support the policy that this Fellowship requires that the government is ordained of God and that its members shall be subject to the Higher power, according to Romans 13, 1 and 77. Yet, as the word of God admonishes us to follow peace with all men, and to love our enemies and to do good to them who hate us, in Matthew 5:44.

"We trust this will in some way clarify the situation for you.

"May the God of Love and Peace be near you."

It is apparent that this letter was received from someone connected with the Miracle Revival Fellowship in response to an inquiry from Dr. Hardin. However, the record does not disclose who wrote the letter.

Likewise, a letter dated 23 September 1963, addressed to the Superintendent, County Board of Education, Robeson County, North Carolina, from Miracle Revival Fellowship, International Pentecostal Miracle Valley, Arizona, was introduced in evidence by the defendant, which letter reads as follows:

"In the case of William H. Miday, Minister, Shannon, North Carolina.

"Gentlemen: Rev. Miday of Shannon, N. C. has written to us, expressing his convictions, that since his trust is in God, for the health of his family, it is not necessary for his children to take vaccination shots for their protection. He contends that forcing him to submit his child to vaccination is to force him to go against his religious convictions. Further, he states that his convictions are in accord with the doctrines and teachings of Miracle Revival Fellowship, a *bona fide* religious organization, of which he is a member.

"It is the decision of the officers of this Fellowship that Reverend Miday is within his rights in contending that his beliefs are in accord with the doctrines and teachings of Miracle Revival Fellowship. We do not specifically teach against vaccination nor condemn doctors or those who use the medical profession; nevertheless, the word of God teaches us that the better way is a complete right of faith. Though we teach that it is christian *(sic)* and right to obey the laws of the land, Romans 13:1-7, when the laws of the land contradict the religious convictions of the individual on what God's word teaches, we do take the position that it is better for him to obey God rather than man. Acts 5-58:29.

"Therefore, we feel that this man is within his rights according to our teachings and his own convictions in taking the stand he takes."

The record does not disclose the author of this letter, but it is apparent that it expresses the view of certain officers of the Miracle Revival Fellowship.

In September 1963 the Robeson County Board of Education caused to be served upon the defendant notice of filing a complaint against him for failure to enroll his son in the public schools, the child then being seven years of age and within the ages of compulsory school attendance, as provided by G.S. 115-166. Pursuant to this notice the child was again, in September 1963, presented for enrollment in the Robeson County Schools, but his admission was refused for that he had not complied with the immunization requirements.

Immediately prior to the submission of this case to the jury, the defendant produced and delivered to the State a purported immunization record of Paul E. Miday, bearing the name of Dr. George F. Cain of Canton, Ohio, indicating that Paul E. Miday, on 18 August 1956, 21 September 1956, and 19 October 1956, was inoculated against the diseases of diphtheria, tetanus and whooping cough. The mother of Paul E. Miday testified that these inoculations were administered prior to the time she and her husband became members of the Miracle Revival Fellowship. Upon receipt of the purported immunization record, the State agreed not to ask for conviction except on the counts charging failure of the defendant to have his child immunized against smallpox, as required by G.S. 130-87 and as charged in count No. 1 of bill of indictment No. 17984; immunized against poliomyelitis, as required by G.S. 130-93.1(a) and as set out in count No. 2 of bill of indictment No. 17984; and for failure to send the child to school, as required by G.S. 115-166 and as set out in a separate bill of indictment, No. 17985.

The jury returned a verdict of guilty on all three counts. The court imposed a judgment of 30 days in jail on each count, the sentences to run consecutively. The defendant appeals and assigns error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General Richard T. Sanders, Staff Attorney Theodore C. Brown, Jr., for the State.*

*Barrington & Britt for defendant.*

DENNY, C.J. The defendant excepts to and assigns as error the ruling of the court below to the effect that only written evidence of the teachings of a religious organization is admissible and that parol evi-

STATE *v.* MIDAY.

dence by a member of such organization with respect to its teachings is inadmissible.

We concur in the view that when a religious organization has duly adopted and promulgated certain official documents in which the doctrines, teachings, articles of faith, *et cetera,* are set forth, parol evidence is inadmissible, under the best evidence rule, to prove the contents of such documents. *Mahoney v. Osborne,* 189 N.C. 445, 127 S.E. 533. The best evidence rule requires the production of the documents or properly certified copies thereof in order to prove their contents. There is no evidence on the record in this case to the effect that the Miracle Revival Fellowship has officially adopted and promulgated such documents.

Moreover, while parol evidence is not admissible to vary, explain, or contradict a written instrument when the enforcement of the terms of such instrument is the basis of the cause of action or the substantial issue between the parties, *Winkler v. Amusement Co.,* 238 N.C. 589, 79 S.E. 2d 185, the rule that parol evidence is not admissible does not apply when the writing is collateral to the issue involved in the action. *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745; *Deaton v. Coble,* 245 N.C. 190, 95 S.E. 2d 569.

We do not consider the letters introduced below, which do not purport to represent anything more than the unverified expression as to what the Miracle Revival Fellowship teaches, to be of such character as to warrant the exclusion of oral testimony with respect to such teachings by *bona fide* ministers and members of this religious organization. We hold that the exclusion of such evidence constituted prejudicial error.

G.S. 130-93.1(h) provides as follows: "This article shall not apply to children whose parent, parents, or guardian are *bona fide* members of a recognized religious organization whose teachings are contrary to the practices herein required, and no certificate for admission to any private, public or parochial school shall be required as to them."

In our opinion, it is not necessary for a religious organization to forbid vaccination in order for its teachings to come within the meaning of the statute and to authorize the exclusion sought; that it is for the jury under proper instructions to determine whether or not the evidence concerning the teachings of the Miracle Revival Fellowship is such that the defendant was justified in his position against vaccination and immunization of his child.

Religious organizations generally do not prohibit their members from consuming alcoholic beverages; however, no one would seriously contend that they do not teach against the consumption of alcoholic beverages by their members. In our opinion, the letter introduced in

evidence below, dated 23 September 1963, is susceptible of the inference that the Miracle Revival Fellowship does teach that the better way is to rely on one's faith rather than on inoculations and immunization to prevent diseases. The letter says: "* * * (W)hen the laws of the land contradict the religious convictions of the individual on what God's word teaches, we do take the position that it is better for him to obey God rather than man. * * *

"Therefore, we feel that this man is *within his rights according to our teachings* and his own convictions in taking the stand he takes." (Emphasis added.)

The defendant assigns as error, among others, the following excerpts of the court's charge to the jury:

"The interpretation of a writing, when the writing is exhibited to the court, is not for the jury or for the defendant, or for the State. It becomes the duty of the court to interpret the writing, that is what the meaning of the writing is. The jury, when there is a conflict in evidence, it not being in writing has to determine the facts. But, if the writing is offered in evidence and if there be some statements in the writing that may produce an argument and may give rise to contention as to what was the meaning of the writing or the letters, then it becomes the duty of the court to interpret as a matter of law what the writing means. And it has been contended that there are sufficient statements in these letters to justify the court in concluding that this Miracle Revival Fellowship teaches a doctrine contrary to the statute. However, the court has examined the letters carefully and the court is of the opinion and so rules and instructs the jury that these letters do not indicate that the Miracle Revival Fellowship teaches a doctrine that is contrary to the practices required under the statute. (Exception No. 10.)

"* * * (I)f the State has satisfied you from the evidence and beyond a reasonable doubt that the defendant did fail to immunize this child, Paul Edward Miday, against the disease of smallpox, and you believe all of the evidence and find all of the facts to be true in respect to the defendant's contention that he comes within the exemption that requires or permits one to send a child to school, rather permits one not to have a child immunized for smallpox, it would be your duty under the instructions of the court and under the interpretation the court has given that statement and to these letters, to return a verdict of guilty on the charge of failure to immunize his child from the disease of smallpox, as charged in the bill of indictment." (Exception No. 11.)

The instruction on the second count, the failure of the defendant to have his child immunized against poliomyelitis, was substantially in accord with that given on the first count with respect to the defendant's failure to have his child vaccinated against smallpox.

We think the above instruction was erroneous, that the jury should have been given the opportunity to consider and determine what weight should be given to the contents of the letters introduced in the trial below. Moreover, the further instruction was tantamount to a peremptory instruction, and the defendant is entitled to a new trial on the counts charging him with failure to have his child immunized against smallpox and poliomyelitis.

With respect to the defendant's conviction for failing to send his child to school as required by G.S. 115-166, it appears that the defendant did everything within his power to keep his child in school except to waive what he believed to be his rights under G.S. 130-93.1(h). So long as the defendant, in good faith, was asserting his rights as he conceived them under the statute, in our opinion he was not subject to conviction under G.S. 115-166. Moreover, 115-169 reads as follows:

> "Any parent, guardian or other person violating the provisions of this article shall be guilty of a misdemeanor, and upon conviction shall be liable to a fine of not less than five dollars ($5.00) nor more than twenty-five dollars ($25.00), and upon failure to pay such fine, the said parent, guardian or other person shall be imprisoned not exceeding thirty days in the county jail."

There is nothing in this record tending to show that the court below has heretofore imposed a fine on this defendant for failure to send his child to school, and by reason of his failure to pay such fine the prison sentence was imposed. The sentence imposed, purportedly pursuant to G.S. 115-169, was without sanction of law.

The defendant is entitled to a new trial on counts Nos. 1 and 2 in bill of indictment No. 17984, and to have the judgment reversed upon his conviction for failure to send his child to school as charged in bill of indictment No. 17985.

On counts Nos. 1 and 2 in bill of indictment No. 17984 — New trial.

The conviction upon bill of indictment No. 17985 — Reversed.