STATE OF NORTH CAROLINA v. JOYCE BARNHILL VIETTO

No. 785SC391

(Filed 19 September 1978)

1. Schools § 14— compulsory school attendance law—nonpublic school—teachers and curricula not "approved"

In a prosecution of defendant for violation of the compulsory school attendance law, G.S. 115-166, by placing her child in a nonpublic school not having teachers and curricula approved by the State Board of Education, the trial court properly permitted school officials to testify that the school in which the child was placed was not an "approved" nonpublic school.

2. Schools § 14— compulsory school attendance law—willfulness

In a prosecution of defendant for a violation of G.S. 115-166 by placing her child in a nonpublic school not having properly approved teachers and curricula, the trial court did not err in excluding defendant's evidence that she did not willfully violate the statute but acted in good faith in withdrawing her

child from public schools, since willfulness is not an element of the crime charged.

**3. Schools § 14— violation of school attendance law — instructions — contentions of State — burden of proof**

In a prosecution for a violation of the compulsory school attendance law, the court did not shift the burden of proof to defendant in instructing that the State contended that defendant's witnesses did not testify that the nonpublic school defendant's child attended had been approved by the State Board of Education.

APPEAL by defendant from *Webb, Judge.* Judgment entered 29 November 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 29 August 1978.

Defendant was charged under N.C.G.S. 115-166 with violating the "General Compulsory Attendance Law." The evidence tended to show that in April 1977, defendant removed her 12-year-old daughter from the public schools. Defendant placed her daughter, a sixth-grade student, in "Learning Foundations," which the State's evidence tended to show was not a nonpublic school having teachers and curricula approved by the State Board of Education.

Defendant offered evidence tending to show that she removed her child from the public schools because of her concern over the quality of education the child was receiving, the child's emotional state, and her belief that the child was in need of private tutorial assistance in order to better prepare her academically as her education continued.

The jury found defendant guilty, and she received a suspended sentence and was fined $50.00. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik, for the State.*

*Prickett & Scott, by Carlton S. Prickett, Jr., and James K. Larrick, for defendant appellant.*

ERWIN, Judge.

Defendant presents several questions on this appeal. We have carefully considered them all and conclude that defendant had a fair trial free of prejudicial error.

[1]  First, defendant contends that the trial court erred in admitting evidence that "Learning Foundations" was not an "approved" nonpublic school. The testimony complained of was that of George Talley, Principal of Tileston School, the public school from which defendant removed her daughter; Hilda Worth, Attendance Counselor of the New Hanover County Schools; and Heyward Bellamy, New Hanover County Superintendent of Schools. These witnesses were all public school officials and, we feel, competent to testify as to whether or not "Learning Foundations" was an "approved" nonpublic school under N.C.G.S. 115-166. The evidence was also sufficient as to "Learning Foundations" failure to meet statutory requirements.

[2]  Next, defendant earnestly argues that she should have been allowed to present evidence as to whether or not she had willfully violated G.S. 115-166. Essentially, she asserts that she acted in good faith, with just cause, and in her child's best interests by withdrawing her child from the public schools. We hold that the trial court did not err in excluding such evidence.

The record clearly shows that defendant was fully aware that her actions in withdrawing her child from public school and in placing her in "Learning Foundations" might subject her to criminal prosecution. In fact, the record reveals that public school officials offered to place her child in another public school for the remainder of the 1976-77 school year. Defendant had this and other alternatives. She could have placed her child in an "approved" nonpublic school, or she could perhaps have secured tutorial assistance for her child to supplement the instruction she was receiving in the public schools. Instead, she elected to place her daughter in a nonpublic learning environment which did not meet the mandate of the statute. This she chose to do in lieu of public, "approved" nonpublic, or supplemental instruction, and it is this which the statute proscribes.

We note that G.S. 115-166 does not compel every child to attend public schools exclusively for the prescribed period. Such a law would be invalid. See Pierce v. Society of Sisters, 268 U.S. 510, 69 L.Ed. 1070, 45 S.Ct. 571 (1925). Here there is no doubt that defendant was aware of the attendance laws and yet deliberately removed her child from the public schools. We find that State v. Miday, 263 N.C. 747, 140 S.E. 2d 325 (1965), is not controlling, as

that case involved an unintentional violation of G.S. 115-166 in which defendant was asserting what he perceived his rights to be under another statute.

In any event, willfulness is not contained in G.S. 115-166 as an element of the offense, and we decline to engraft such an element on the statute. Counsel for defendant have very ably and sincerely presented her case, but we must note that many parents from time to time become dissatisfied with the quality of instruction in our public schools, and such concern may to them be justified. As noted above, however, there are permissible alternatives to public school instruction. Few convictions, if any, could be obtained under G.S. 115-166 and 169 if parents could merely assert justification for noncompliance in order to avoid criminal liability.

[3] Defendant contends that the following portion of the court's charge improperly shifted the burden of proof to defendant:

"The State contends that even by the testimony of the faculty of the Learning Foundations that they did not testify that they were a school whose teachers and curricula had been approved by the State Board of Education."

The trial court was merely stating contentions and in its charge, clearly placed the burden on the State to prove beyond a reasonable doubt the elements of the offense, including "that she did not attend any school, either a public school" or "a school which had been approved by the State Board of Education."

Defendant's remaining assignments of error have been carefully considered and are overruled.

In the trial below, we find

No error.

Judges PARKER and CLARK concur.